Judge Davidge
delivered the opinion of the Court.*
THIS was a bill in chancery. The complainant aR leges that his ancestor, Samuel H. R. Clackson, had contracted with Mahon for an exchange of 100 acres of land for 117 of Mahon’s; that his father died before the contract was executed, and Mahon sold to Scrogins, placed him in his situation as to the contract, with Clack-son, and conveyed the 117 acres to him; that the complainant was an infant at the death of his father, and on his coming of age, Scrogins, in whom he had great confidence, applied to him, and by his representations obtained a conveyance of the 1Q0 acres of land, together with 20 acres more, (but it appears from the statements In the bill, the 20 acres were included in consequence of a different contract, and does not form any part of the complainant’s complaint); that Scrogins made a deed to the complainant for the 117 acres, well knowing that 50 acres of that were covered by an elder and better claim, in the name ofMosby; that possession was. held under it; and .that Scrogins carefully- concealed the interference of Mosby. The bill prays for a decree of so much out of the 10Q acres ns the complainant may he entitled to, in proportipn to the 50, acres lost, or itf value. .
The answer of Scrogins denies all the material alle--gations of the bill, and insists he was a bona fide purcha? ser for a valuable consideration. Mahon docs not answer.
The other de% lcndant having answered and denied, a^aTnsthfm without prooí at least, that g^Jonve^ed was so covered' by «noth-
¿fter pershayo ^ been read on has directed the bill to be ^nursed for proofoTsome material fact . the complainant cannot have leave to discontinue his suit. Nor would it ho proper in such case, for the court to dismiss the bill without prejudice.
*53 The court, on a hearing of the cause, on bill, answer and exhibits, decreed the bill to be dismissed, and the following bill of exceptions was taken: “Be it re mem-bered, that in this case the papers, were read by consent upon final hearing, and the court had directed the bill to be dismissed, because there was not sufficient evidence to show that Mosby’s survey covered any part of the land which complainant stated was covered. upon, the complainant moved for permission to discontinue his cause; but the court refused to let him discontinue.” ■
The complainant prosecutes to this court, and assigns as error: 1st. That the court erred in not permitting him to discontinue his cause; 2d, in deciding for the defendants, when they should have decided for the plainant, upon the whole merits; 3d, in not deciding for the complainant, against Mahon at least; 4lb, in not dismissing the bill without prejudice.
As to the second and third errors, we ore at a loss to perceive any ground on which the court should have decreed against either of the defendants. Not against Mahon; for his contract was not only executed, but there was no fraud or any thing else alleged in the bill, that subjected him to a decree. Not against Scrogins; for his contract was also executed, and no fraud proved against him; and his answer denied all the equity of the .... ' , 1 - 1)1 ’■
The first and fourth errors may also bo considered to-getber. As to the first, it is obvious from the bill eeptions taken in the case, that the application made to discontinue, was made after the cause was heard and the opinion of the court pronounced. It secerns to this court, that the application to discontinue came too late, and that the court correctly refused leave to diseontin-ue. Were such a practice indulged ip, we are persuaded that most plaintiffs would be disposed to ue their causes and begin anew, after they found the verdict oí a jury or the opinion of the court, against them. ' .
It remains to remark on the fourth assignment of ror, by which it is contended, that the bill should have been dismissed without prejudice. The bill of exrep-tions-states, that the bill was dismissed, because there was not sufficient evidence to show that Mosby’s survey covered any part of the land which the complainant *54 stated was covered. Tb.it the bill is not supported by sufficient evidence, as was the present case, we apprehend, can never be a reason for a qualified dismissal. If there was any evidence in existence, that would have established any material allegation in the complainant’s bill, lie should have procured it, or, at least, shown some reason why he did not. If there was no evidence in existence by which the complainant could have established the interference of Mosby’s claim, or other material facts in his bill, it would have been useless to have dismissed it without prejudice.
Sharp, for plaintiff; Crittenden, for defendants.
We accord in opinion with the court below, and ilnj decree must be affirmed with costs.

 Juoge Trimble absent.